## THE CITY OF CAPE MAY

### v.

## THE CAPE MAY, DELAWARE BAY AND SEWELL'S POINT RAILROAD COMPANY, THE CAPE MAY TRANSPORTATION COMPANY and J. HENRY EDMUNDS.

[Filed December 19th, 1899.]

1. Where a corporation legally leases its property for a term of years, though for a sum insufficient to pay interest on its bonds, a receiver will not be appointed at the instance of a stock and bondholder, in the absence of mismanagement by the directors, since all the receiver could do would be to collect the rents subject to the lien of the mortgage.

2. Where one corporation, leasing the property of another, has no assets but the remnant of the term, and cannot operate under the lease at a profit, the lease has no value, and hence the appointment of a receiver is not justified.

On application for receiver.

*Mr. S. Spicer Leaming* and *Mr. Robert McCarter*, for the complainant.

*Mr. Thomas E. French*, for the Cape May Transportation Company.

*Mr. Lindley M. Garrison*, for the Cape May, Delaware Bay. and Sewell's Point Railroad Company.

REED, V. C.

The Cape May, Delaware Bay and Sewell's Point Railroad Company is a corporation formed by the consolidation of three railroads. Since January 19th, 1893, it has been operated as a trolley road, from Cape May Point to Sewell's Point, running through the city of Cape May. Upon the road is a mortgage securing bonds to the amount of $150,000. The Cape May, Delaware Bay and Sewell's Point Railroad Company, on March 30th, 1896, leased the railroad to the Cape May Transportation Company, for the term of five years, from February 1st, 1896, the latter company agreeing to pay all taxes, charges, assessments for the franchise or property, whether national, state, county or municipal, and to pay each January and July 25th, the sum of $3,750 to the Camden Trust and Safe Deposit Company, to be applied in payment of coupons, upon bonds secured by the $150,000 mortgage, and to pay $100 to maintain the corporate existence of the lessor. The Cape May Transportation Company has a capital of $1,000, or ten shares of $100 each, of which J. Henry Edmunds held eight, Mr. Stephens, its secretary, one, and Mr. Thompson, its president, the other one. The company is obviously managed and controlled by Mr. Edmunds. The bill is filed by the complainant, as a creditor of these companies, to have a receiver appointed to take charge of them as insolvent corporations. The complainant claims that there are taxes due, as well as license fees, for the running of their cars through the city of Cape May.

Cape May v. Cape May, Del. Bay & Sewell's Point R. R. Co.

Mr. Nixon, as the holder of stock and bonds of the Cape May, Delaware Bay and Sewell's Point Railroad Company, has, upon petition, been made a party complainant. He owns one hundred and thirteen shares of stock, and eight bonds of the value of $500 each. The allegations of insolvency are that the company owes the city of Cape May the franchise tax for three years, amounting to $1,554.29; that it owes local taxes to Cape May City; that the coupons of the bonds of the above company are unpaid for 1897, 1899, and only partly paid for 1898. The franchise tax due to the State of New Jersey, I think, has been paid since the filing of the bill.

One thousand eight hundred and seventy-five dollars have also been paid, which it is claimed is one-half year's rent, as such rental was reduced by an arrangement with the lessors for the year 1897.

The position of affairs, then, is this: The Cape May, Delaware Bay and Sewell's Point Railroad Company has leased its property by an agreement which, so far as appears, is legal, for a term ending in 1901. By the terms of the lease it was to receive a rental sufficient to pay all its obligations, by way of taxes, assessments and the interest upon the issue of $150,000 of bonds. For the payment of this rental, it holds the obligation of the Cape May Transportation Company, and of J. Henry Edmunds, who is surety for the performance by the Cape May Transportation Company of its covenants contained in the lease.

There is nothing to show that this asset was not good, and it appears that if good the former company is not insolvent. But concede that a part of the rental has been legally remitted and that the amount of rental presently received is insufficient to pay the coupons in full, how does the matter stand as to the Cape May, Delaware Bay and Sewell's Point Railroad Company? I do not see how a stockholder, as such, can be benefited by the appointment of a receiver. Such an officer would take the profit of the company subject to a mortgage of $150,000, as a first lien. Nor do I see how the bondholder is to be benefited by such an appointment so long as there is no mismanagement by the directors. The mortgage to secure the bonds is, as I have

already remarked, a first lien upon the property, and a sale by the receiver would be, as a sale under a foreclosure of the mortgage would not be, subject to the outstanding lien.    All the receiver could do would be to collect the rents from the Cape May Transportation Company.    Besides, the Cape May, Delaware Bay and Sewell's Point Railroad Company claims, and, it appears to me justly, that it has not been brought in properly to answer this rule, and the appearance of counsel for it was a special appearance, made to object to its being called upon to answer the order.    This, in itself, would seem to afford an obstacle in the way of making an appointment.

Secondly, in respect to the Cape May Transportation Company, it is said that the only assets it has is the term which it holds from the former company, and it is obvious that the income from the leased property is not sufficient to pay the rental.    From the refusal of the treasurer of the company when before the master to testify as to its receipts, it is probable that this is so.    But the query is suggested, can one of these roads be declared insolvent and put in the charge of a receiver while the other is permitted to continue its business as a solvent corporation?    The only feature of the case that would justify an application for the appointment of a receiver for two distinct corporations is the fact that they are tied together by a lease and that the creditors are so concerned in the fact that one is lessor and the other is lessee, as to make the application in a single bill proper, as a matter of correct pleading.

Again, the company has no assets but the remnant of the term, and if it be true that the road cannot be run at a profit, there is no value in the lease, and there are no assets to be administered or to pay the expense of litigation.    The indemnity of Mr. Edmunds can be utilized certainly, as well without as with the appointment of a receiver.    Taking into consideration the interest of the creditors, I do not think that a receiver should be appointed on this order.    But as the testimony taken before the master was incomplete, I will reserve the right to the complainant to bring in the defendants by subpœna, and have the suit proceed in an orderly manner to final hearing.